UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANDREA ALLEN,

        Plaintiff,

-against-

COUNTY OF NASSAU,

        Defendants.

**OPINION & ORDER**
04-CV-4283 (SJF)(ETB)

----------------------------------------------------------X
FEUERSTEIN, J.

I.   Introduction

Defendant County of Nassau has moved for summary judgment dismissing the complaint. For the reasons set forth below, defendant's motion is granted and the complaint is dismissed.

II.   Facts

On May 30, 2004, at approximately 7:15 a.m., plaintiff and her husband were shopping in a Wal-Mart store when plaintiff's husband became involved in a physical altercation with a Wal-Mart employee, Jean-Baptiste Jean-Philippe ("Philippe"). Wal-Mart maintenance supervisor Corey Burkes ("Burkes") heard a crash and arrived at the area of the altercation to see Philippe falling and plaintiff's husband hovering over him with his fist raised. Burkes used his store radio to request a call to the police as plaintiff and her husband left the store. Burkes then followed plaintiff and her

husband out of the store with Wal-Mart assistant manager Kirk McPherson ("McPherson"). Burkes and McPherson drove to a police booth in the Wal-Mart parking lot, reported the incident and described plaintiff and her husband as having "hit one of our associates." Plaintiff and her husband were climbing over the Wal-Mart fence at that time and were pointed out to the officers by McPherson.

Police Officer Gerald Calise saw plaintiff overturn a shopping cart in order to effectuate her climb over the fence. The couple was also observed climbing over the fence by Police Officers Guy Benedetto and John Wozniak.

Officer Benedetto entered a marked patrol car and was driven by Officer Mary Ann Hernon to a nearby residential area where the couple was stopped and handcuffed. Officer Wozniak drove with McPherson to the area and McPherson identified plaintiff and her husband as having been the individuals who assaulted Philippe.

The plaintiff and her husband were driven back to Wal-Mart where plaintiff was released following a statement by Philippe that only the male detainee had struck him.

III.     The Law

>Summary judgment must be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c). In determining whether material facts are in dispute, all ambiguities must be resolved and all inferences drawn in favor of the non-moving party. See Castle Rock Entmn't, Inc. V. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir.1998).

The initial burden is upon the moving party to demonstrate the absence of any genuine issues of material fact. See Adams v. Department of Juvenile Justice, 143 F.3d 61, 65 (2d Cir.1998). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations and internal quotation marks omitted). The non-moving party cannot survive a properly supported motion for summary judgment by resting on the pleadings "without offering 'any significant probative evidence tending to support the complaint.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

. . . .

. . . A municipality cannot be liable under Section 1983 on a theory of respondeat superior for the isolated unconstitutional acts of its employees. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, in order to establish liability against the City, plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy. See id. There are generally four circumstances in which a municipality may be held liable for the unconstitutional acts of its employees. See White-Ruiz v. City of New York, 93 Civ. 7233, 1996 WL 603983, at *7 (S.D.N.Y. Oct.22, 1996). These circumstances are as follows: (1) where a plaintiff's constitutional rights are violated due to a formal policy that is officially promulgated or adopted by

-3-

the municipal defendant, see Monell, 436 U.S. at 690; (2) where a plaintiff's constitutional rights are violated due to a specific action or decision by an official responsible for establishing final policy with respect to the subject matter, see Pembaur v. City of Cincinnati, 473 U.S. 469, 483-84 (1986) (plurality opinion); (3) where a plaintiff's constitutional rights are violated due to the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute a "custom or usage" and so manifest or widespread as to imply the constructive acquiescence of the policy-making officials, see City of St. Louis v. Praotnik, 485 U.S. 112, 127, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir.1992); and (4) where a plaintiff's constitutional rights are violated due to the City's failure to train or supervise its employees in a fashion designed to prevent the violation of plaintiff's rights, if such failure amounts to "deliberate indifference" to the rights of those with whom the municipal employees will come into contact, see Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir.1996); Walker v. City of New York, 974 F.2d 293, 297 (2d Cir.1992). See White-Ruiz, 1996 WL 604983, at *7.

Lee v. City of New York, No. 00-CV-3181, 2002 WL 1732810 at *2, *9 (E.D.N.Y. July 22, 2002).

IV. Conclusion

The defendant has established probable cause for the stop and detention of plaintiff based upon a) the initial reports by McPherson and Burkes of an assault upon a Wal-Mart employee, b) the description and observation of plaintiff and her husband exiting the premises by climbing over a fence, c) the apprehension of plaintiff and her husband less than five minutes later and d) the confirmatory identification by McPherson. Therefore, plaintiff has failed to substantiate her claims of constitutional violations.

Plaintiff has also not substantiated her claims of excessive force by the officers. Although there is a dispute as to how long plaintiff was detained and whether she complained of discomfort from the handcuffs, plaintiff has failed to raise an inference that an inappropriate policy or custom of defendant even existed, much less caused her claimed injury. See Monell, 436 U.S. at 691-94 (1978); Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

Defendant is, therefore, entitled to summary judgment on the federal claims alleged in the complaint which are hereby dismissed. The federal claims having been dismissed, this Court declines to exercise pendent jurisdiction over the remaining state claims and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 4, 2006
Central Islip, New York

Copies:   Bauman Kunkis & Ocasio-Douglas, P.C.
          14 Penn Plaza
          New York, NY 10122-0049

          Bernadette K. Ford, Esq.
          Lorna B. Goodman, Nassau County Attorney
          One West Street
          Mineola, NY 11501